### In re HORINE.

No. 9075—Opinion Filed Oct. 2, 1917.

(167 Pac. 1148.)

(Syllabus by the Court.)

**1. Attorney and Client—Disbarment—Conviction of Felony.**

Under the first subdivision of section 252, Rev. Laws Okla. 1910, the conviction of an attorney at law of a felony under the statutes of Oklahoma is sufficient cause for revocation of said attorney's license to practice law in this state.

**2. Same—Sufficiency of Evidence.**

The report of the referee and the evidence examined, and found to fully support the findings of fact by the referee. Under the facts so found the said respondent, Earl R. Horine, should be and is hereby disbarred, and his license to practice law in the state of Oklahoma revoked.

Original proceedings by the Bar Commission of the State of Oklahoma for the disbarment of Earl R. Horine. Respondent disbarred.

E. F. Lester, for relator.

RAINEY, J. On the 26th day of February, 1917, the State Bar Commission recommended that proceedings for disbarment be instituted against Earl R. Horine, of Adair county, Okla., and in pursuance of such recommendation this court entered an order directing Hon. E. F. Lester, of Wilburton, Latimer county, Okla., to prefer charges against the said Earl R. Horine, to file the same in the Supreme Court, and to notify the said attorney of his action therein, in the manner provided by law.

On the 24th day of April, 1917, the petition for disbarment was filed in this court, wherein it was alleged, in substance, that Earl R. Horine was duly admitted to the practice of law in the state of Oklahoma, by the Supreme Court thereof, on the 16th day of June, 1911, and that the license of said attorney to practice law was in force and effect, and that said attorney was actually engaged in the practice of law in the state of Oklahoma.

As a ground for disbarment it was alleged in said petition that an indictment was

found against the said Earl R. Horine in the district court of Adair county, Okla., on a charge of embezzlement; that the respondent was tried on said charge, resulting in a verdict of guilty; that upon this verdict the district court of Adair county sentenced the respondent to be confined in the state penitentiary at McAlester, Okla., for a term of five years; and that said judgment is in full force and effect.

Hon. T. M. McCombs, of Sallisaw, Okla., was appointed by this court as referee, with instructions to investigate said charges, to take evidence thereon, and to report his findings of fact and conclusions of law to the Supreme Court. This was done, and on July 23, 1917, the referee filed the following report:

"Findings of Fact by Referee.

"Your referee finds in this case that Earl R. Horine was duly admitted to the practice of law in the state of Oklahoma by the Supreme Court on the 16th day of June, 1911, and that said Earl R. Horine is a regularly enrolled attorney at law, and as such is offering to practice law in the state of Oklahoma.

"The referee further finds that the said Earl R. Horine was on the 30th day of September, 1913, indicted in the district court of Adair county, Okla., on a charge of embezzlement, and that thereafter, on the 13th day of October, 1913, said Earl R. Horine was tried before a jury on said charge and duly convicted and sentenced to the state penitentiary for a term of five years.

"Referee further finds that the said judgment and conviction is a felony under the laws of the state of Oklahoma, and is now in full force and effect.

"Conclusions of Law.

"Your referee finds as a conclusion of law that the charge of embezzlement as aforesaid is a felony under the laws of the state of Oklahoma, and that said charge falls within section 252 of the Revised Laws of Oklahoma 1910, and that by reason thereof said respondent, Earl R. Horine, should be disbarred from the practice of law.

"Respectfully submitted,

"T. M. McCombs, Referee."

The respondent did not appear at the hearing before the referee, and no exceptions have been filed to the referee's report. We have, however, examined the evidence adduced at the hearing before the referee, and there is no question as to the truth of the facts found by him.

Section 252, Rev. Laws Okla. 1910, provides:

"252. Causes for Suspension or Revocation.—The following are sufficient causes for suspension or revocation:

"First. When he has been convicted of a felony under the statutes of Oklahoma, or a misdemeanor involving moral turpitude, in either of which cases the record of conviction is conclusive evidence."

In this case the record of the conviction of the respondent was proven at the hearing before the referee, and it follows that the report of the referee should be and is approved.

It is therefore ordered that the license heretofore issued by this court to the said Earl R. Horine be, and the same is hereby, revoked, and the said Earl R. Horine is disbarred from hereafter practicing law in the courts of this state.

All the Justices concur.